```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| KELLY YELTON ET AL | CIVIL ACTION |
| VERSUS | NO: 09-3144 |
| PHI, INC. ET AL | SECTION: J(4) |

**ORDER AND REASONS**

Before the Court is Defendant Sikorsky Aircraft, Corp.'s ("Sikorsky") **Motion to Dismiss the Cross Claim of PHI, Inc. Pursuant to Fed. R. Civ. P. 12(b)(3) (Rec. Doc. 184)** and supporting memoranda; as well as Cross-Plaintiffs PHI and National Union Fire Insurance Company's **Response Memorandum in Opposition (Rec. Doc. 191)** and supporting memoranda.

**PROCEDURAL AND FACTUAL BACKGROUND**

In January of 2009, a helicopter transporting nine individuals (7 passengers and 2 PHI employees) crashed just south of Morgan City, Louisiana. The crash resulted in the death of 8 individuals and caused severe injuries to the lone survivor, Steven Yelton. In March of 2009, Yelton and other Plaintiffs filed the current suit in which they seek damages for injuries stemming from the helicopter crash.

In the original complaint, PHI, Sikorsky, and AAI were all named Defendants. National Union Fire Assurance Company of Louisiana ("National Union") (and other entities not relevant to this motion) were added at a later date. On November 13, 2009,

PHI and National Union filed a cross claim against Sikorsky and AAI, alleging that the helicopter crash and the resulting loss of the helicopter was directly, solely, and proximately caused by manufacturing defects and/or unreasonably dangerous designs of the helicopter and the helicopter's windshield, which were manufactured by Sikorsky and AAI, respectively. In their cross-claim, PHI and National Union seek damages for the value of the helicopter, the loss of its use, search and rescue operations, and other relevant expenses.

Sikorsky has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue. According to Sikorsky, when PHI purchased the helicopter from Sikorsky, the parties executed a Sales Agreement which included a forum selection clause. This clause, Sikorsky argues, prevents this matter from being litigated in the Eastern District of Louisiana. After reviewing the file, applicable law, the record, and the memoranda of the parties, this court finds as follows:

## **PARTIES ARGUMENTS**

Sikorsky argues that the forum selection clause contained in the agreement of sale between the parties mandates that disputes between the parties be governed by the law of the state of Connecticut and that disputes between the parties be resolved in the state or federal courts of Connecticut. Sikorsky argues that forum selection clauses are "prima facie" valid and enforceable

and that the party attempting to overcome this presumption has the heavy burden of showing that enforcement would be so unreasonable and unjust that the clause's inclusion in the agreement would result in fraud or overreaching, or that the clause contravenes a strong public policy of the forum where the suit is brought.  According to Sikorsky, PHI cannot meet this burden.  Therefore, Sikorsky believes that this Court should hold that the clause is valid and that venue is only proper in the state or federal courts of Connecticut.

PHI argues that cross-claims are not subject to venue statutes.  According to PHI, venue statutes govern where an action may be instituted initially, but not where there are new claims - such as cross-claims - against existing parties.  PHI also argues that the clause is permissive and gives Connecticut courts jurisdiction over any claims between the parties but does not mandate that claims be filed in Connecticut to the exclusion of other jurisdictions.  Alternatively, PHI argues that even if the forum selection clause is interpreted to require PHI to file its claim in Connecticut courts, this Court should decline to enforce the clause because doing so would be unreasonable and unjust.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) has been recognized by the Fifth Circuit as a proper vehicle for seeking enforcement

of a forum selection clause.  See Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898 (5th Cir. 2005).  Parties to a contract are permitted to select venue via a forum selection clause.  See e.g., City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501 (5th Cir. 2004).  However, consenting to the jurisdiction of one forum does not necessarily mean that a party has selected an exclusive venue and waived its right to have the case heard in different forums.  Id. at 504.

A forum selection clause can, however, establish an exclusive venue if the parties go beyond consenting to a particular forum and the clause "clearly demonstrate[s] the parties' intent to make jurisdiction exclusive."  Id. (citing Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir. 1974)).  Therefore, if a clause simply calls on the parties to submit to the jurisdiction of a particular court, such a clause will not be interpreted to be a mandatory forum-selection clause that precludes any other forum.  Id. (discussing Keaty, 503 F.2d 955-56).

In the current case, the forum selection clause between the PHI and Sikorsky states:

> This agreement shall be interpreted in accordance with the plain English meaning of its terms, and the construction thereof shall be governed by the laws of the State of Connecticut, United States of America.  The parties further agree to submit to the jurisdiction of both the state and federal courts of Connecticut.

(Rec. Doc. 184-4, pg. 5, ¶5).  In Keaty, the Fifth Circuit

4

examined a similar provision in which the parties agreed to "submit to the jurisdiction of the courts of New York." Id. at 956. The Defendant argued that the clause mandated all disputes arising under the contract be litigated only in the state or federal courts in New York. Id. at 957. The Plaintiff, on the other hand, argued that "he merely intended to submit to the jurisdiction of the New York courts if sued there; he did not intend to waive his right to sue or be sued elsewhere." Id. The court found both arguments to be reasonable, but held that the forum selection clause did not clearly limit actions under the contract to a specific locale and concluded that such language "falls short of being a mandatory forum-selection clause," and was therefore a permissive forum-selection clause.[1] Id. The parties were thus not required to litigate in New York, and dismissal from the Eastern District of Louisiana was not warranted.

Here, as PHI points out, the language of the forum selection clause is virtually identical to the language used in Keaty. By agreeing to "submit to the jurisdiction of both the state and federal courts of Connecticut[,]" the parties did not go beyond

---

[1] An important, albeit brief, discussion in Keaty involved the "traditional rule" that because both interpretations of the provision were reasonable, the preferred interpretation is that which operates more strongly against the party from whom (the words) proceed." Keaty, 503 F.2d at 957. Here, Sikorsky formed the contract, and therefore, the clause should be interpreted against Sikorsky and in favor of PHI.

5

consenting to a particular forum and the clause does not clearly demonstrate an intent to make jurisdiction exclusive.  Rather, the parties merely intended to submit to the jurisdiction of the Connecticut if sued there and did not waive their rights to sue or be sued elsewhere.

Accordingly, this court finds that the clause is permissive in nature and that PHI is not required to litigate in Connecticut.  Therefore, **IT IS ORDERED** that Sikorsky's **Motion to Dismiss the Cross Claim of PHI, Inc.  Pursuant to Fed. R. Civ. P. 12(b)(3) (Rec. Doc. 184)** is hereby **DENIED**.

New Orleans, Louisiana, this  1st  day of March, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE