```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


KELLY YELTON ET AL                           CIVIL ACTION

VERSUS                                       NO: 09-3144

PHI, INC. ET AL                              SECTION: J(4)
```

## ORDER AND REASONS

Before the Court is Defendant Aeronautical Accessories, Inc.'s ("AAI") **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 185)** and supporting memoranda; as well as Cross-Plaintiffs PHI and National Union Fire Insurance Company's **Response in Opposition (Rec. Doc. 192)** and supporting memoranda.

## PROCEDURAL AND FACTUAL BACKGROUND

In January of 2009, a helicopter transporting nine individuals (7 passengers and 2 PHI employees) crashed just south of Morgan City, Louisiana. The crash resulted in the death of 8 individuals and caused severe injuries to the lone survivor, Steven Yelton. This action commenced in March of 2009, when Yelton and other Plaintiffs filed suit for damages for injuries stemming from the helicopter crash.

In the original complaint, PHI, Sikorsky, and AAI were all named Defendants. National Union Fire Assurance Company of Louisiana ("National Union") (and other entities not relevant to this motion) were added at a later date. On November 13, 2009, PHI and National Union filed a cross claim against Sikorsky and

AAI, alleging that the helicopter crash and resulting loss of the helicopter was directly, solely, and proximately caused by manufacturing defects and/or unreasonably dangerous designs of the helicopter and the helicopter's windshields, which were manufactured by Sikorsky and AAI, respectively.  In their cross-claim, PHI and National Union seek damages for the value of the helicopter, the loss of its use, search and rescue operations, and other relevant expenses.

AAI has filed a motion to dismiss for lack of jurisdiction. AAI claims that the forum selection clause in its contract with PHI divests this Court of jurisdiction over this matter.  After reviewing the file, applicable law, the record, and the memoranda of parties, this court finds as follows:

## **PARTIES ARGUMENTS**

AAI argues that this Court lacks jurisdiction because the forum selection clause contained in the contract between the parties mandates disputes between the parties be litigated exclusively in the courts of general jurisdiction for the State of Tennessee.  PHI argues, inter alia, that even if the forum selection clause is interpreted to require PHI to file its claim in the State of Tennessee, this Court should decline to enforce the clause because doing so would be unreasonable and unjust.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(3) has been recognized by the Fifth Circuit as a proper vehicle for seeking enforcement of a forum selection clause. See Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898 (5th Cir. 2005). Parties to a contract are permitted to select venue via a forum selection clause. See e.g., City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501 (5th Cir. 2004). However, consenting to the jurisdiction of one forum does not necessarily mean that a party has selected an exclusive venue and waived its right to have the case heard in different forums. Id. at 504.

A forum selection clause can, however, establish an exclusive venue if the parties go beyond consenting to a particular forum and the clause "clearly demonstrate[s] the parties' intent to make jurisdiction exclusive." Id. (citing Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir. 1974)). Therefore, if a clause simply calls on the parties to submit to the jurisdiction of a particular court, such a clause will not be interpreted to be a mandatory forum-selection clause that precludes any other forum. Id. (discussing Keaty, 503 F.2d at 955-56).

In the current case, the forum selection clause between PHI and AAI states:

> [A]ny dispute arising out of or relating to this Agreement not otherwise settled amicably shall be adjudicated solely and exclusively in the courts of general jurisdiction for the State of Tennessee.

(Rec. Doc. 185-4, pg. 6, ¶6(f)). There is no question that the language of this clause establishes an exclusive venue. The clause goes beyond consenting to a particular forum and it "clearly demonstrate[s] the parties' intent to make jurisdiction exclusive." Id. Indeed, neither PHI or National Union dispute that the clause establishes exclusive jurisdiction in the State of Tennessee for actions covered by the contract.

However, to determine if jurisdiction is proper in the Eastern District of Louisiana, the analysis does not end there. As stated in M/S Bremen v. Zapata Off Shore Co., 407 U.S. 1, 15 (1972), a forum selection clause should be enforced unless the non-moving party clearly shows that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. The party resisting enforcement of the clause bears a "heavy burden of proof." Haynesworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997).

The Fifth Circuit has stated that "unreasonableness potentially exists where the incorporation of the forum selection clause into the agreement . . . would contravene a strong public policy of the forum state." Haynesworth, 121 F.3d at 963. In Nippon Fire & Marine Ins. Co. v. M/V Spring Wave, 92 F. Supp. 2d

574 (E.D. La. 2000), this Court held that it would be unreasonable to enforce a forum selection clause, in part, because the parties moving to enforce the forum selection clause were subject to claims by other parties in the matter that were not bound by the forum selection clause.  Therefore, the parties moving to enforce the clause would have remained in the Court to defend claims and litigate the same facts under the same legal theories, "thereby undermining the central purpose of [the] forum selection clause[.]"  <u>Id.</u> at 577 (stating pragmatic considerations weigh in favor of denying the motion to enforce the forum selection clause) (<u>citing</u> <u>In re Complaint of Rationis Enterprises, Inc. of Panama</u>, 1999 WL 6364, at *3 (S.D.N.Y. Jan. 7, 1999)).  The same is true in this case.  Should this Court enforce the motion to dismiss for lack of jurisdiction, AAI will be forced to litigate its liability under facts identical to those involved in the cross-claims.  As a result, "pragmatic considerations" suggest that it would be unreasonable for this Court to enforce the forum selection clause in this matter and to dismiss the cross-claim against AAI.

Therefore, this court finds that the clause, although mandatory in nature and otherwise enforceable, would be unreasonable if applied under these circumstances.

5

Accordingly,

**IT IS ORDERED** that AAI's **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 185)** is hereby **DENIED**.

New Orleans, Louisiana, this <u>22nd</u> day of March, 2010.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

6