```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KELLY YELTON ET AL                              CIVIL ACTION

VERSUS                                          NO: 09-3144

PHI, INC. ET AL                                 SECTION: J(4)
```

## ORDER AND REASONS

Before the court is Aeronautical Accessories, Inc.'s ("AAI") **Motion to Dismiss Without Prejudice or Stay the Cross-Claim Filed by PHI, Inc. and National Union Fire Insurance Company of Louisiana (Rec. Doc. 241)**, and supporting memoranda, as well as **PHI Inc. and National Union Fire Insurance Company of Louisiana's Opposition in Response to Defendant AAI's Motion (Rec. Doc. 257)**.

## PROCEDURAL AND FACTUAL BACKGROUND

In January of 2009, a helicopter transporting nine individuals (7 passengers and 2 PHI employees) crashed just south of Morgan City, Louisiana. The crash resulted in the death of 8 individuals and caused severe injuries to the lone survivor, Steven Yelton. This action commenced in March of 2009, when Yelton and other Plaintiffs filed suit for damages for injuries stemming from the helicopter crash.

In the original complaint, PHI, AAI, and Sikorsky Aircraft Corp. were all named as Defendants.  National Union Fire Insurance Company of Louisiana (and other entities not relevant to this motion) were added at a later date.  On November 13,

2009, PHI filed a cross-complaint against AAI alleging that the helicopter crash and resulting loss of the helicopter was directly, solely, and proximately caused by manufacturing defects and/or unreasonably dangerous designs of the helicopter's windshields, which were manufactured by AAI. In its cross-claim, PHI seeks damages for the value of the helicopter, the loss of its use, search and rescue operations, and other relevant expenses.

On November 25, 2009, AAI filed a motion to dismiss for lack of jurisdiction. AAI claimed that the forum selection clause in its contract with PHI divested this court of jurisdiction over this matter. Although this Court held that the clause established exclusive venue in the State of Tennessee, the Court denied the motion and held that pragmatic considerations made it unreasonable to enforce the forum selection clause.

AAI has now filed the current motion, in which it asserts that PHI and National Union Fire Insurance Company of Louisiana's ("Defendants") cross-claim should be dismissed because prior to the filing of PHI's cross claim, AAI initiated a contract claim against PHI in Tennessee. Therefore, AAI believes that PHI's cross-claim is actually a compulsory counter claim to the Tennessee suit which should have been filed in Tennessee. AAI also believes that pursuant to the First to File rule, this Court should either dismiss the cross-claim without prejudice or stay

2

the cross-claim pending the Tennessee litigation.

## **DISCUSSION**

Both AAI and Defendants make numerous arguments as to why the current motion should, or should not, be granted. However, this Court finds Defendants' argument regarding judicial economy and the interest of justice dispositive. If this Court were to hold that Defendants' cross-claim should be dismissed for the purposes of being re-filed in Tennessee, such a holding would be in direct conflict with judicial economy.

The litigation in this district began in March of 2009. The determination regarding liability of the helicopter crash is the central focus of this litigation. This determination requires consideration of whether the aircraft was built negligently, operated negligently, or contained defective parts because of some negligence on behalf of the parties. Defendants' cross-claim, in which it alleges that the helicopter crash was caused by defective parts manufactured by AAI, is therefore an essential component of this matter. This Court previously ruled that pragmatic considerations suggest that it would be unreasonable for Defendants' cross-claims against AAI to be heard in a different venue. Nothing in the pleadings has led this Court to determine that this fact has changed. Therefore, in the interest of judicial economy, to prevent piecemeal and duplicative litigation, and to prevent waste of time and money, this Court

finds that a transfer, dismissal, or stay of the cross-claim would be unreasonable.

Accordingly, **IT IS ORDERED** that Defendant Aeronautical Accessories, Inc.'s **Motion to Dismiss Without Prejudice or Stay the Cross-Claim Filed by PHI, Inc. and National Union Fire Insurance Company of Louisiana (Rec. Doc. 241)** is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of June, 2010.

United States District Judge