UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


YELTON, ET. AL.                         CIVIL ACTION

VERSUS                                  NO: 09-3144

PHI, INC., SIKORSKY AIRCRAFT            SECTION: J(4)
CORPORATION, AND
AERONAUTICAL ACCESSORIES,
INC.

### ORDER AND REASONS

Before the Court are Sikorsky Aircraft Corp.'s ("Sikorsky")
**Motion for Summary Judgment (Rec. Doc. 314)** on PHI, Inc., and
National Union Fire Insurance Co.'s ("National Union") cross-
claim in redhibition; PHI and National Union's **Memorandum in
Opposition (Rec. Doc. 340)**; Sikorsky's **Reply in Support (Rec.
Doc. 362)**; PHI and National Union's **Sur-Reply in Opposition (Rec.
Doc. 381)**; PHI and National Union's **Supplemental Brief in
Opposition (Rec. Doc. 396)**; and Sikorsky's **Reply to the
Supplemental Brief (Rec. Doc. 401)**. Having considered the
motions and legal memoranda, the record, and the applicable law,
the Court finds that Sikorsky's Motion for Summary Judgment (Rec.
Doc. 314) should be GRANTED.

1

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

On January 4, 2009, a PHI helicopter transporting nine individuals (7 passengers and 2 PHI employees) crashed due to a "bird strike" just south of Morgan City, Louisiana.  The crash resulted in the death of 8 individuals and caused severe injuries to the lone survivor, Steven Yelton. This action commenced in March 2009 when Yelton and other Plaintiffs filed suit for damages for injuries stemming from the helicopter crash.

In the original complaint, PHI, Sikorsky, and Aeronautical Accessories, Inc., ("AAI") were all named Defendants.  National Union (and other entities not relevant to this motion) were added at a later date.  On November 13, 2009, PHI and National Union filed a cross-claim against Sikorsky and AAI, alleging that the helicopter crash and resulting loss of the helicopter were directly, solely, and proximately caused by manufacturing defects and/or unreasonably dangerous designs of the helicopter and the helicopter's windshields, which were manufactured by Sikorsky and AAI, respectively.  In their cross-claim, PHI and National Union seek damages for the value of the helicopter, the loss of its use, search and rescue operations, and other relevant expenses (an excess of $9 million insured and uninsured losses).  The cross-claim at issue in the Motion for Summary Judgment before

the Court is that of PHI and National Union against Sikorsky in redhibition.

The contract of sale between Sikorsky and PHI for the helicopter that is the basis of PHI and National Union's cross-claim is at the center of Sikorsky's Motion for Summary Judgment (Rec. Doc. 314) before the Court.  In December 2004, Sikorsky and PHI entered into a New Helicopter Sales Agreement ("Sales Agreement") containing a choice of law clause, which specified that the contract of sale would be governed by the laws of the State of Connecticut.  The Sales Agreement also contained several warranty provisions.  An express warranty provision applied for a period of two years after delivery of the helicopter or 1,000 hours of operation (whichever occurred first).  An "Exclusive Warranties & Remedies" provision was also included, which states in capitalized font that the Sales Agreement's foregoing warranties are exclusive and that no other express or implied warranties, implied warranties of merchantability and fitness for a particular purpose, or other remedies in contract or tort are available to the parties.  Finally, the Sales Agreement contained an exclusion of liability where the helicopter or parts are subject to "direct foreign object damage."

The contract of sale was completed on September 25, 2006,

when Sikorsky delivered, and PHI inspected and accepted, the helicopter that was the subject of the 2004 Sales Agreement.  At this time, Sikorsky and PHI executed Amendment 6 to the Sales Agreement.  This Amendment dealt only with the price of the helicopter and expressly incorporated all of the remaining provisions of the 2004 Sales Agreement, including the choice of law provision.  Upon delivery and inspection of the helicopter on September 25, 2006, the two-year time period of the express warranty provision in the Sales Agreement began to run and subsequently had expired at the time of the helicopter crash on January 4, 2009.

The above facts are not disputed by Sikorsky and PHI.  Both parties agree that there exists a valid Sales Agreement, that the Sales Agreement contains a choice of law provision in which Connecticut law will apply to the contract, that Amendment 6 incorporates the provisions of the original Sales Agreement, and that the express warranty provision of the Sales Agreement had expired at the time of the helicopter crash in January 2009.  The parties' main dispute is over the validity and applicability of the choice of law provision in the Sales Agreement.

**THE PARTIES' ARGUMENTS:**

**Sikorsky's Motion for Summary Judgment (Rec. Doc. 314)**

4

Sikorsky argues in its Motion for Summary Judgment (Rec. Doc. 314) that the Connecticut choice of law provision in the Sales Agreement is valid and enforceable and that, under Connecticut law, PHI and National Union's cross-claim should be dismissed.  Under Louisiana choice of law rules, Civil Code Article 3540 sets out the general rule that all issues of conventional obligations are governed by the law expressly chosen by the parties, in this case the laws of the State of Connecticut.  LA. CIV. CODE art. 3540 (2010).  Moreover, a choice of law provision in a contract is presumed valid until proved otherwise, and the party seeking to invalidate the provision bears the burden of proof.  Wilson v. Sawyer, 106 So. 2d 831, 833 (La. App. 2 Cir. 1958); J. Perez, S.A. v. La. Rice Growers, Inc., 139 So. 2d 247, 253 (La. App. 3 Cir. 1962).  Based on this standard, Sikorsky argues that the choice of law provision in the Sales Agreement is valid and that Connecticut law should be applied when interpreting that provision.

Under Connecticut law on contract interpretation, Sikorsky argues that PHI and National Union are unable to assert express warranty cross-claims, implied warranty cross-claims, or non-contract cross-claims (such as tort cross-claims).  In Connecticut, contractual terms are interpreted according to the

intention of the parties, and the language must be given its ordinary meaning. B and D Associates, Inc. v. Russell, 807 A.2d 1001, 1005 (Conn. App. Ct. 2002). There is a presumption that contract language is definitive and unambiguous when the parties are sophisticated and the contract is commercial in nature, Id., and Sikorsky describes the sophistication of the parties and the commercial nature of the Sales Agreement in its Motion for Summary Judgment (Rec. Doc. 314).

With this background on Connecticut law set forth, Sikorsky states that PHI and National Union have no express warranty cross-claim because the two-year time period for that warranty had expired at the time of the helicopter crash in January 2009. Sikorsky points out that Connecticut and other courts have enforced time-limited express warranty provisions such as the one at issue in the Sales Agreement. See, e.g., Flagg Energy Dev. Corp. v. Gen. Motors Corp., 709 A.2d 1075, 1086 (Conn. 1998); Wis. Power and Light Co. v. Westinghouse Elec. Corp., 830 F.2d 1405, 1412-13 (7th Cir. 1987); Abraham v. Volkswagen of Am., Inc., 795 F. 2d 238, 242 (2d Cir. 1986); Hart Eng'g Co. v. FMC Corp., 593 F. Supp 1471, 1479 (D.R.I. 1984). Moreover, the two-year warranty period in the Sales Agreement did not fail of its essential purpose because Sikorsky was not unable or unwilling to

provide PHI with the minimum adequate remedies during the life of the warranty itself—it is simply unwilling to do so now since the warranty period has expired, a position supported by the Fifth Circuit Court of Appeals.  Arkwright-Boston Mfrs. Mut. Ins. Co. v. Westinghouse Elec. Corp., 844 F.2d 1174, 1179 (5th Cir. 1988). Finally, Sikorsky argues that the two-year warranty period in the Sales Agreement is not an unconscionable durational limitation given the commercial nature of the contract and the sophistication of the parties.

After addressing any potential express warranty cross-claims by PHI and National Union, Sikorsky proceeds to argue that the "Exclusive Warranties & Remedies" provision in the Sales Agreement prevents PHI and National Union from claiming any implied warranties of "merchantability" and "fitness for a particular purpose."  Under Connecticut law, the validity of a disclaimer of implied warranties is determined based on whether the language mentions merchantability, whether the disclaimer is in writing, and whether the disclaimer is conspicuous.  CONN. GEN. STAT. ANN. § 42a-2-316 (2010).  A term or clause is "conspicuous" when it is so written that "a reasonable person against whom the disclaimer is to operate ought to have noticed it."  CONN. GEN. STAT. ANN. § 42a-1-201 (2010).  Based on the language of the

"Exclusive Warranties & Remedies" provision in the Sales Agreement, the capitalization of the font, the sophisticated status of the parties, and the fact that the disclaimer is set apart from other provisions in the Sales Agreement, Sikorsky argues that it effectively disclaimed all implied warranties.

Next, Sikorsky focuses on the liability exclusion in the Sales Agreement for "direct foreign object damage" and argues that a "bird strike" is considered a foreign object, thus excluding Sikorsky's liability for the helicopter crash that was caused by a "bird strike." This argument, however, is abandoned in Sikorsky's Reply in Support (Rec. Doc. 362) after PHI and National Union point out in their Memorandum in Opposition (Rec. Doc. 340) that "foreign object" is a term of art in the aviation industry and does not include birds—"bird strikes" are a unique type of aircraft damage. FAA-H-8083-30 Aviation Maintenance Technician Handbook: General, § 11-4, U.S. Department of Transportation, Federal Aviation Administration (2008).

Finally, Sikorsky asks the Court to exclude any tort or non-contract cross-claims of PHI and National Union by arguing that the "Exclusive Warranties & Remedies" provision of the Sales Agreement not only bars all implied warranty cross-claims, but also excludes any tort or non-contract cross-claims. Connecticut

8

common law and the Connecticut UCC have recognized the validity of such tort exculpatory clauses as long as they do not fail their essential purpose.  <u>B and D Associates</u>, 807 A.2d 1001, 1006 (Conn. App. Ct. 2002); CONN. GEN. STAT. ANN. § 42a-2-719 (2010). Sikorsky states that the "Exclusive Warranties & Remedies" provision did not fail its essential purpose because it operated exactly as the parties intended with an allocation of risk between the parties at an agreed price.  Even if the warranties provision failed its essential purpose, the Connecticut UCC only allows substitute contract remedies to be applied, not tort remedies.  § 42a-2-719.  Thus, Sikorsky argues that any tort or non-contract cross-claims of PHI and National Union should be dismissed.

**PHI and National Union's Memorandum in Opposition (Rec. Doc. 340)**

PHI and National Union begin their Memorandum in Opposition (Rec. Doc. 340) by clarifying that their cross-claim is limited to a claim in redhibition based on their belief that the helicopter crash was caused by a manufacturing or design defect in the helicopter and/or the windshield installed on the helicopter that was manufactured by AAI, which is not a party to this motion.  As such, their Memorandum in Opposition (Rec. Doc. 340) focuses on the choice of law and "Exclusive Warranties &

Remedies" provisions of the Sales Agreement.

When discussing the choice of law provision in the Sales Agreement, PHI and National Union focus on the exception to Article 3540 under the Louisiana choice of law rules.  This exception states that the parties are not allowed to choose the law that applies to their contractual relationship if that law contravenes the public policy of the state whose law would otherwise apply under the balancing test in Civil Code Article 3537, the general choice of law rule for conventional obligations in Louisiana.  LA. CIV. CODE art. 3540 (2010); see LA. CIV. CODE art. 3537 (2010).  PHI and National Union argue that the choice of law provision in the Sales Agreement is void because it violates Louisiana's public policy interest of ensuring that its unique laws on redhibition govern PHI and National Union's cross-claim, a claim that would be invalidated if Connecticut's laws were to apply.  See, e.g., Matte v. Zapata Offshore Co., 784 F.2d 628 (5th Cir. 1986), cert. denied 479 U.S. 872 (1986); A.M.C. Liftboats, Inc. v. Apache Corp., 622 F. Supp. 2d 355 (E.D. La. 2008); Verdin v. ENSCO Offshore Co., 104 F. Supp. 2d 682 (W.D. La. 2000), aff'd 255 F.3d 246 (5th Cir. 2001); Bell v. Rimkus Consulting Group, Inc., of La., 983 So. 2d 927 (La. App. 5 Cir. 2008), writ denied 983 So. 2d 1276 (La. 2008).

Having argued that the choice of law provision in the Sales Agreement is void because it violates Louisiana public policy, PHI and National Union address the balancing test of Article 3537 to argue that Louisiana law should apply to the redhibition cross-claim.  PHI and National Union present a lengthy argument demonstrating the pertinence of the relevant policy considerations of Louisiana and Connecticut and the pertinent contacts of each state to the parties, the transaction, and the helicopter crash.  <u>See</u> Art. 3537; <u>see generally</u> LA. CIV. CODE art. 3515 (2010).  PHI and National Union also reference previous, unrelated briefings of Sikorsky (Rec. Doc. 172) to argue that Sikorsky has judicially admitted that Louisiana law should apply to other claims with other parties and that this admission should apply to the present contract dispute.

Next, PHI and National Union consider the "Exclusive Warranties & Remedies" provision of the Sales Agreement and argue that, under Louisiana law, this provision is an ineffective limitation of the warranty against redhibitory defects.  Louisiana Civil Code Article 2548 states that an exclusion or limitation of the warranty against redhibitory defects must be clear and unambiguous and must be brought to the attention of the buyer.  LA. CIV. CODE art. 2548 (2010).  Based on this standard,

PHI and National Union argue that the language in Amendment 6 (concerning subsequent price negotiations) that was intended to incorporate the terms of the 2004 Sales Agreement (containing the warranties provision) was not a clear and unambiguous waiver of the warranty against redhibitory defects.  Furthermore, PHI and National Union insinuate that they may not have been sophisticated parties in the helicopter transaction, and they question whether the waiver in the 2004 Sales Agreement was brought to their attention at the time of the 2006 Amendment 6, as Article 2548 requires.  Case law cited by PHI and National Union in support of these arguments is distinguished by Sikorsky in its Reply in Support (Rec. Doc. 362).  See Tucker v. Petroleum Helicopters, Inc., 9 So. 3d 966, 970 (La. App. 4 Cir. 2009).

Finally, PHI and National Union argue that even if the "Exclusive Warranties & Remedies" provision in the Sales Agreement effectively waived the warranty against redhibitory defects, such a waiver is still invalid under Article 2548. Article 2548 states that a buyer is not bound by an effective limitation of warranty where the seller has declared the thing sold to have a quality it knew it did not possess.  Art. 2548. PHI and National Union state that Sikorsky made representations in the Sales Agreement about the helicopter that it knew the

12

helicopter did not possess, and thus any otherwise effective waiver of the warranty against redhibitory defects is invalid. PHI and National Union, however, are not clear about what those representations made by Sikorsky were. Moreover, PHI and National Union try to use case law to indicate that the result under Article 2548 would occur even if Connecticut law applied because a warranty provision under Connecticut law cannot purport to waive latent defects. See Comind, Companhia de Seguros v. Sikorsky Aircraft Div. of United Technologies Corp., 116 F.R.D. 397, 413-14 (D. Conn. 1987). The case cited by PHI and National Union is distinguished by Sikorsky in its Reply in Support (Rec. Doc. 362).

**Sikorsky's Reply in Support (Rec. Doc. 362)**

Sikorsky begins its Reply in Support (Rec. Doc. 362) by reiterating and clarifying the relationship between the parties and the contract at issue. It presents facts to demonstrate that PHI was a sophisticated party during contract negotiations and emphasizes that Amendment 6 in 2006 was merely a modification of the price term for the helicopter and that the 2004 Sales Agreement was expressly incorporated into the Amendment. Sikorsky also restates that contractual choice of law provisions are presumptively valid under Louisiana law and that PHI and

National Union bear the burden of proving that the choice of law provision in the Sales Agreement is invalid.  Wilson v. Sawyer, 106 So. 2d 831, 833 (La. App. 2 Cir. 1958); J. Perez, S.A. v. La. Rice Growers, Inc., 139 So. 2d 247, 253 (La. App. 3 Cir. 1962); Delhomme Indus., Inc. v. Houston Beechcraft, Inc., 669 F.2d 1049, 1058–59 (5th Cir. 1982).

Next, Sikorsky responds to PHI and National Union's argument that applying Connecticut law through the choice of law provision in the Sales Agreement would violate Louisiana public policy concerning redhibition claims.  Sikorsky notes that in each case upon which PHI and National Union rely, the courts looked to a statutory expression of Louisiana legislative will—the Louisiana Oilfield Indemnity Act, LA. REV. STAT. ANN. § 9:2780 (2010), and a Louisiana statute addressing employment contracts, LA. REV. STAT. ANN. § 23:921 (2010)—when they refused to enforce the parties' choice of law provisions.  The same expression of legislative will does not exist for the public policy surrounding claims in redhibition.  Because the choice of law provision in the Sales Agreement does not violate Louisiana public policy, Sikorsky argues that PHI and National Union's discussion of the balancing test in Article 3537 is irrelevant.

Finally, Sikorsky distinguishes the case law cited by PHI

and National Union to support their assertions that the waiver of
the warranty against redhibitory defects in the Sales Agreement
was invalid or inapplicable under Article 2548.  Sikorsky ends
its Reply in Support (Rec. Doc. 362) by reasserting that the
Connecticut choice of law provision in the Sales Agreement is
valid, does not violate Louisiana public policy, and precludes
the cross-claim in redhibition by PHI and National Union.

**PHI and National Union's Sur-Reply in Opposition (Rec. Doc. 381)**

In PHI and National Union's Sur-Reply in Opposition (Rec.
Doc. 381), the parties reiterate their argument that the
Connecticut choice of law provision in the Sales Agreement is
invalid because it violates Louisiana's public policy interest of
ensuring that its unique laws on redhibition govern PHI and
National Union's cross-claim.  They defend their use of the
Louisiana Oilfield Indemnity Act, § 9:2780, and a Louisiana
employment statute, § 23:921, to support their argument by
stating that these statutes illustrate a trend in Louisiana
toward curtailing contractual freedom in order to protect public
policy.  Then PHI and National Union reestablish that Louisiana
law should apply to the contract provisions by referencing their
earlier analysis of Article 3537, including the relevant policy
considerations of Louisiana and Connecticut and the pertinent

contacts of each state to the parties, the transaction, and the helicopter crash.  See LA. CIV. CODE art. 3537 (2010).  Finally, PHI and National Union reinforce their argument that the exclusion of the warranty against redhibitory defects in the Sales Agreement (incorporated into Amendment 6) was not clear and unambiguous nor brought to the attention of the buyer, as required under Louisiana law.  LA. CIV. CODE art. 2548 (2010); see Tucker v. Petroleum Helicopters, Inc., 9 So. 3d 966, 970 (La. App. 4 Cir. 2009).  Thus, the waiver of the warranty against redhibitory defects in the Sales Agreement is invalid.

**PHI and National Union's Supplemental Brief in Opposition (Rec. Doc. 396)**

After oral argument on Sikorsky's Motion for Summary Judgment (Rec. Doc. 314), PHI and National Union filed a Supplemental Brief in Opposition (Rec. Doc. 396) in order to further clarify the sources of Louisiana public policy.  They state that the public policy of Louisiana is not only found in express legislation, but is also found in the Louisiana Constitution and Louisiana jurisprudence.  Wheat v. White, 38 F. Supp. 796, 798 (E.D. La. 1941).  Further, PHI and National Union argue that according to the general choice of law rules for conventional obligations in Louisiana—which apply if the

exception to Article 3540 is triggered—a choice of law analysis should consider which state would bear the most "serious legal, social, economic, and other consequences" if its law were not applied.  Art. 3537, Comment (c).  Based on this broad conception of Louisiana public policy, PHI and National Union argue that the protection of redhibition claims, and the circumstances under which those claims can be waived, is within Louisiana's public policy and should invalidate the choice of law provision in the Sales Agreement.  See Media Prod. Consultants, Inc. v. Mercedes-Benz of North Am., Inc., 262 So.2d 377, 380-81 (La. 1972).

**Sikorsky's Reply to the Supplemental Brief (Rec. Doc. 401)**

Sikorsky responded to PHI and National Union's Supplemental Brief in Opposition (Rec. Doc. 396) to assert the flawed nature of their argument regarding Louisiana's public policy on redhibition claims.  Sikorsky states that the question is not whether redhibition is part of Louisiana public policy, but whether foregoing a claim in redhibition by applying the law of another state violates Louisiana public policy.  Sikorsky argues that to accept PHI and National Union's thesis would negate all choice-of-law provisions in any instance where one state's law differs from another's.  On the contrary, the Fifth Circuit has found that such a conclusion would mean that the public policy

17

exception to Article 3540 would consume the general rule and strip the article of its meaning.  Cherokee Pump & Equip., Inc v. Aurora Pump, 38 F.3d 246, 250-51 (5th Cir. 1994).  Moreover, Sikorsky states that Louisiana law does allow parties to forego claims based on redhibition if the waiver is clear, unambiguous, and brought to the attention of the buyer, Art. 2548, so it follows that it cannot be against Louisiana public policy to forego redhibition by selecting another state's law to govern.

**DISCUSSION:**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, then the non-moving party must come forward and establish the specific material facts in dispute to survive summary judgment.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

In this case, Sikorsky bears the initial burden of demonstrating the absence of a genuine issue of material fact, and Sikorsky has met this burden.  Both parties agree that there exists a valid Sales Agreement, that the Sales Agreement contains

a choice of law provision in which Connecticut law will apply to the contract, that Amendment 6 incorporates the provisions of the original Sales Agreement, and that the express warranty provision of the Sales Agreement had expired at the time of the helicopter crash in January 2009.  PHI and National Union, as the non-moving parties, have not met their burden of establishing any specific material facts that remain in dispute because they agree to the facts above.

Because there are no genuine issues of material fact remaining, the law regarding choice of law provisions must be examined next.  Article 3540 sets out the general rule that all issues of conventional obligations are governed by the law expressly chosen by the parties, in this case the laws of the State of Connecticut.  LA. CIV. CODE art. 3540 (2010).  Moreover, a choice of law provision in a contract is presumed valid until proved otherwise, and the party seeking to invalidate the provision bears the burden of proof.  Wilson v. Sawyer, 106 So. 2d 831, 833 (La. App. 2 Cir. 1958); J. Perez, S.A. v. La. Rice Growers, Inc., 139 So. 2d 247, 253 (La. App. 3 Cir. 1962).  Based on this standard, Sikorsky argues that the choice of law provision in the Sales Agreement is valid and that Connecticut law should be applied when interpreting that provision.

PHI and National Union bear the burden of proving that the choice of law provision in the Sales Agreement is invalid, and they have not met this burden.  They rely on the public policy exception to Article 3540 and argue that applying the Connecticut choice of law provision in the Sales Agreement would violate Louisiana's public policy interest of ensuring that its unique laws on redhibition govern PHI and National Union's cross-claim. The arguments made by PHI and National Union in support of this claim are not persuasive enough to overcome the presumption that the choice of law provision in the Sales Agreement is valid.

PHI and National Union argue that the choice of law provision in the Sales Agreement is void because it violates Louisiana's public policy regarding redhibition claims, but the cases they cite to support this proposition concern specific statutory expressions of legislative will, for which there is no redhibition equivalent.  LA. REV. STAT. ANN. § 9:2780 (2010); LA. REV. STAT. ANN. § 23:921 (2010); see, e.g., Matte v. Zapata Offshore Co., 784 F.2d 628 (5th Cir. 1986), cert. denied 479 U.S. 872 (1986); A.M.C. Liftboats, Inc. v. Apache Corp., 622 F. Supp. 2d 355 (E.D. La. 2008); Verdin v. ENSCO Offshore Co., 104 F. Supp. 2d 682 (W.D. La. 2000), aff'd 255 F.3d 246 (5th Cir. 2001); Bell v. Rimkus Consulting Group, Inc., of La., 983 So. 2d 927

20

(La. App. 5 Cir. 2008), <u>writ denied</u> 983 So. 2d 1276 (La. 2008).
Moreover, PHI and National Union's argument that Louisiana's
expansive public policy includes considerations of "legal,
social, economic, and other consequences," LA. CIV. CODE art.
3537, Comment (c) (2010), is based on Article 3537 and the
general choice of law rules for conventional obligations in
Louisiana.  However, an Article 3537 choice of law analysis—with
its policy considerations—is only performed if a contractual
choice of law provision first violates Louisiana public policy
under Article 3540.  PHI and National Union incorrectly attempt
to use Article 3537's policy considerations for choosing between
two forums as a way of establishing a Louisiana public policy
regarding redhibition claims.  Finally, Sikorsky persuasively
argues that PHI and National Union have failed to establish that
foregoing a claim in redhibition by applying the law of another
state violates Louisiana public policy.

Because PHI and National Union have failed to meet their
burden of establishing that the Connecticut choice of law
provision is invalid, the provision is deemed to be valid and
enforceable.  Upon applying Connecticut law to the "Exclusive
Warranties & Remedies" provision of the Sales Agreement, it
becomes clear that any implied warranty cross-claims (which

includes claims in redhibition) are excluded by the Sales Agreement.  Under Connecticut law, the validity of a disclaimer of implied warranties is determined based on whether the language mentions merchantability, whether the disclaimer is in writing, and whether the disclaimer is conspicuous.  CONN. GEN. STAT. ANN. § 42a-2-316 (2010).  A term or clause is "conspicuous" when it is so written that "a reasonable person against whom the disclaimer is to operate ought to have noticed it."  CONN. GEN. STAT. ANN. § 42a-1-201 (2010).  Based on the language of the "Exclusive Warranties & Remedies" provision in the Sales Agreement, the capitalization of the font, the sophisticated status of the parties, the fact that the disclaimer is set apart from other provisions in the Sales Agreement, and the express incorporation of the Sales Agreement into Amendment 6, Sikorsky effectively disclaimed all implied warranties.  PHI and National Union's arguments that they were not sophisticated parties in the contract negotiations and that Amendment 6 in 2006 did not make the warranty provisions in the 2004 Sales Agreement conspicuous are unpersuasive.  As a result, Sikorsky is entitled to summary judgment.

Sikorsky's arguments regarding any express warranty cross-claims and any tort or non-contract cross-claims do not need to

22

be addressed since PHI and National Union specified that their only cross-claim is in redhibition.  Likewise, PHI and National Union's arguments concerning the balancing test of Article 3537 and the legal standard under Louisiana law for waiving the warranty against redhibitory defects do not need to be addressed since the Connecticut choice of law provision in the Sales Agreement is valid and enforceable.

Accordingly, this Court finds that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Therefore, **IT IS ORDERED** that Sikorsky's **Motion for Summary Judgment (Rec. Doc. 314)** is hereby **GRANTED**. **IT IS FURTHER ORDERED** that PHI and National Union's request to amend their complaint to comply with Connecticut law is **DENIED** because such amendment would be futile.

New Orleans, Louisiana, this 13th day of December, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

23