```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


YELTON, ET. AL.                          CIVIL ACTION

VERSUS                                   NO: 09-3144

PHI, INC., ET. AL.                       SECTION: J(4)
```

### ORDER AND REASONS

Before the Court are PHI, Inc., ("PHI") and National Union Fire Insurance Company's ("National Union") **Motion to Reconsider Order Denying Motion for Leave to File First Amended Cross-Claim (Rec. Doc. 454)**, Sikorsky Aircraft Corporation's ("Sikorsky") **Memorandum in Opposition (Rec. Doc. 473)**, PHI and National Union's **Reply Memorandum in Support (Rec. Doc. 478)**, and Sikorsky's **Supplemental Memorandum in Opposition (Rec. Doc. 485)**.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp.,

1

37 F.3d 1069, 1076 (5th Cir. 1994).  The difference in treatment is based on timing.  If the motion is filed within ten days of the judgment, then it falls under Rule 59(e).  <u>Id.</u>  However, if the motion is filed more than ten days after the judgment, it is governed by Rule 60(b).  <u>Id.</u>  In the present case, PHI and National Union's Motion to Reconsider (Rec. Doc. 454) was filed on February 14, 2011, which is more than ten days after the December 13, 2011, order denying their motion for leave to file an amended cross-claim against Sikorsky.  As a result, PHI and National Union's Motion to Reconsider (Rec. Doc. 454) is considered under the more stringent Rule 60(b) standard.

Rule 60(b) provides that a court may reconsider an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b) (2011).  A district court has

considerable discretion to grant or deny relief under Rule 60(b), and its decision will be reversed only for an abuse of discretion.  <u>Hesling v. CSX Transp., Inc.</u>, 396 F.3d 632, 638 (5th Cir. 2005).  A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence.  <u>Id.</u>

In this case, the Court chooses not to exercise its discretion to grant PHI and National Union's Motion to Reconsider (Rec. Doc. 454).  The Court finds that PHI and National Union's reasons for seeking reconsideration are based on evidence and arguments previously heard by the Court and do not meet any of the requirement of Rule 60(b).  The Court's previous ruling was not based on an erroneous view of the law or a clearly erroneous assessment of the evidence.  Accordingly,

**IT IS ORDERED** that PHI and National Union's **Motion to Reconsider Order Denying Motion for Leave to File First Amended Cross-Claim (Rec. Doc. 454)** is **DENIED**.

New Orleans, Louisiana, this 18th day of April, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE