UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY and STEVEN YELTON, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, K.D., L.Y. and L.R.L.Y., ET AL. | CIVIL ACTION |
| VERSUS | NO: 09-3144 |
| PHI, INC., ET AL. | SECTION: J(4) |

**ORDER**

Before the Court are Defendant Sikorsky Aircraft Corp. ("Sikorsky")'s Motion for Appeal/Review of the Magistrate Judge's Decision on Defendant PHI, Inc. ("PHI")'s Request for Sanctions **(Rec. Doc. 708)**, PHI's Memorandum in Opposition to same **(Rec. Doc. 722)**, and Sikorsky's Reply Memorandum **(Rec. Doc. 734)**. Also before the Court are PHI's Objections to the Magistrate Judge's Decision on its Request for Sanctions **(Rec. Doc. 709)** and Sikorsky's Memorandum in Opposition to same **(Rec. Doc. 729)**. Having considered the record, the Magistrate Judge's order, the parties' arguments, and the applicable law, the Court finds that the Magistrate's ruling should be **AFFIRMED**.

**DISCUSSION**

Both Sikorsky and PHI request that this Court review and/or set aside certain aspects of the Magistrate's order **(Rec. Doc.**

**706)** granting in parting and denying in part PHI's Motion for Sanctions **(Rec. Doc. 598)**. As previously noted, the Magistrate's ruling disposed of a request for sanctions premised on certain alleged discovery abuses by Sikorsky, which is generally considered non-dispositive in nature. See <u>Merritt v. Int'l Bhd. of Boilermakers</u>, 649 F.2d 1013, 1018 (5th Cir. 1981); <u>Bass v. City of Jackson, Miss.</u>, No. 09-549, 2012 WL 954882, at *1 (S.D. Miss. Mar. 20, 2012). A magistrate judge's ruling on a non-dispositive motion may be appealed to the district court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. When objections are raised to such a ruling, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948).

   1. **Sikorsky's Motion**

   Sikorsky's motion argues that the Magistrate's order is contrary to law and/or clearly erroneous for essentially two reasons:  first, because it imposed sanctions for spoliation of evidence without an express finding of bad faith on the part of Sikorsky; and second, because there is insufficient evidence in the record to support such a finding.

It is settled that a sanction predicated upon spoliation of evidence requires a showing that the party acted in bad faith. See United States v. Wise, 221 F.3d 140, 156 (5th Cir. 2000); King v. Ill. Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003).  It is also true, as Sikorsky points out, that the Supreme Court's decision in Roadway Express, Inc. v. Piper indicates that a "specific finding" of whether a party's behavior constitutes or is tantamount to bad faith must precede the imposition of sanctions under a court's inherent powers.  447 U.S. 752, 767 (1980).

However, nothing in the Roadway Express holding suggests that such a finding may *only* be made in precisely those terms. See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1417 n.6 (5th Cir. 1994) (holding that district court "by implication" had made a finding of bad faith and improper motive based on five paragraphs specifically addressing plaintiff's conduct); Stevenson v. Union Pac. R. Co., 354 F.3d 739, 750 (8th Cir. 2004) ("Sanctioning the ongoing destruction of records during litigation and discovery by imposing an adverse inference instruction is supported by either the court's inherent power or Rule 37 of the Federal Rules of Civil Procedure, *even absent an explicit bad faith finding* . . .").  Here, although the Magistrate's order never explicitly states "Sikorsky's conduct demonstrates bad faith," it is impossible to read the opinion without concluding that this was precisely the result that the

Magistrate reached.

In setting forth the applicable legal standard, the Magistrate's order expressly notes that evidence of bad faith is required before a party may be sanctioned for spoliating evidence.  See Rec. Doc. 706, p. 12 ("In order for this Court to impose sanctions under its inherent power, however, it must find bad faith . . . "); p. 25 ("Destruction or deletion of information subject to a preservation obligation is not sufficient for sanctions.  Bad faith is required."). Additionally, in determining that sanctions were warranted, the Magistrate specifically found that Sikorsky had engaged in "misconduct and intentional destruction of the data files." Id. at 28.  Such a finding is clearly tantamount to a finding of bad faith, which is sufficiently specific to allow the imposition of sanctions.

The Court also rejects Sikorsky's second argument that there was insufficient evidence to support a finding of bad faith. Over the course of several pages of reasoned analysis, the Magistrate's order identifies a variety of evidence indicating that Sikorsky's failure to preserve Dr. Kim's work was the product of bad faith, and not mere negligence.  See Rec. Doc. 706, pp. 22-28.  The Court finds that the evidence upon which the Magistrate Judge relied was sufficient to support a finding of bad faith by a preponderance of the evidence.  Accordingly, Sikorsky's motion will be denied.

**2. PHI's Objection**

The Court next turns to PHI's objections to the Magistrate's ruling.  In contrast to the basis for Sikorsky's motion, PHI objects to the Magistrate's decision *not* to award monetary sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.  PHI originally moved for a monetary sanction of 80% of the amount it paid to settle the Plaintiffs' claims against it pursuant to Rule 37 of the Federal Rules of Civil Procedure, claiming that it would not have settled with the Plaintiffs nor paid as much as it did, had Sikorsky properly and timely disclosed Dr. Kim's report.

Although the Magistrate sanctioned Sikorsky for spoliating evidence, she refused to award monetary sanctions based on the delayed production of Dr. Kim's report, according to PHI, based on her conclusion that "a monetary sanction cannot be awarded under Rule 37 when there is no violation of a court order."  Rec. Doc. 709, p. 1.  PHI contends that the Magistrate Judge's order indicates that sanctions were not warranted because Sikorsky had not violated a court order compelling the production of Dr. Kim's report, despite the fact that PHI had no basis upon which to file a motion to compel the production of Dr. Kim's report because this evidence was wrongfully concealed by Sikorsky.  PHI argues that this holding is contrary to Fifth Circuit precedent, which permits sanctions under Rule 37 even in the absence of the violation of a discovery order.  Accordingly, it submits that the

Magistrate's order should be set aside and that it should be awarded sanctions pursuant to Rule 37.

Having examined the Magistrate's opinion, however, the Court is not persuaded that PHI's objection accurately characterizes the basis for the refusal to award sanctions.  In support of its objections, PHI relies on a single sentence from the Magistrate's order, which states: "In contrast, Rule 37 applies to circumstances in which a party has violated a court order, such as a discovery ruling." Rec. Doc. 706, p. 11  Read in isolation, this sentence may appear to suggest that the Magistrate held that sanctions may *only* be imposed pursuant to Rule 37 where a party has disobeyed a discovery order.  Read in context, however, it is apparent that such is not the case.

First, the above-quoted sentence appears in the context of the Magistrate's discussion of the applicable legal authority for awarding sanctions based on the spoliation of evidence,[1] not in the discussion of whether sanctions were proper based on Sikorsky's delayed disclosure of Dr. Kim's report.  See id. at

---

[1] Cases from sister courts within this circuit recognize that bad-faith spoliation of evidence is behavior sanctionable under a federal court's inherent authority.  See, e.g., Ashton v. Knight Transp., Inc., 772 F. Supp. 2d 772, 779 (N.D. Tex. 2011) ("A federal court has the inherent power to sanction a party who has abused the judicial process.  The spoliation of evidence is one such abuse.") (internal citations omitted); Tieken v. Clearing Niagara, Inc., 1997 WL 88180 (N.D. Miss. Jan. 7, 1997) (noting that spoliation sanctions may be imposed pursuant to a district court's inherent authority).

11-12.[2] PHI does not object to the Magistrate's ruling with respect to the spoliation issue.[3] Additionally, despite the fact that the text of the sentence appears to reference Rule 37 as a whole, the Magistrate's order actually cites only Rule 37(b)(2), which by its terms only applies where a party has violated a court order.

Next, contrary to PHI's characterizations, the Magistrate's refusal to award monetary sanctions does not appear to be predicated on the fact that sanctions could not be awarded under Rule 37 absent a finding that Sikorsky had violated a discovery order. Indeed, the Magistrate's analysis of whether monetary sanctions were warranted based on the delayed disclosure the Kim report specifically recognizes that sanctions *could* be imposed

---

[2] In the immediately following sentence, the Magistrate's Order goes on to state:

> The Court's own authority encompasses its "inherent power to impose sanctions for abuse of the judicial system, *including the failure to preserve or produce documents*." Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993) (stating that this power stems from a court's authority to manage its own affairs). Here, PHI does not allege that Sikorsky violated any discovery order or other directive by the Court. Thus, their motions are properly stated pursuant to this Court's inherent powers, and not Rule 37. In order for this Court to impose sanctions under its inherent power, however, it must find bad faith – which is not required under Rule 37. Sample v. Miles, 239 F. App'x. 14, 21 n.20 (5th Cir. 2007).

Rec. Doc. 706, pp. 11-12.

[3] See Rec. Doc. 709, p. 1 ("PHI does not object to Judge Roby's decision to award an adverse inference and attorneys' fees and costs as a sanction for Sikorsky's spoliation . . . .").

pursuant to Rule 37(c).  See id. at 13 ("A party's failure to supplement an earlier discovery response is sanctionable under Rule 37(c)."). Id. at 13  (citation and internal quotation omitted).  The Magistrate then went on to explain, however, that under the standards of Rule 37(c), sanctions were not warranted because "PHI's decision to settle the case for 'a larger amount'" was not causally related to Sikorsky's failure to timely supplement its discovery responses.  Id. at 14.[4]  The Magistrate specifically noted that Sikorsky had not yet fully responded to all of PHI's outstanding discovery requests at the time PHI agreed to settle the case, despite ongoing disputes over the sufficiency of Sikorsky's discovery responses.  Id.  Based on these facts, the Magistrate found that PHI's decision to settle was not based on the fact that it had garnered full access to all relevant information Sikorsky may provide and was instead "likely due to the normal risks that are attendant in cases of this magnitude."  Id.  Thus, the Magistrate did not hold that sanctions *could not* be awarded under Rule 37 for the delayed production of the Kim report, but rather that they *would not* be awarded because they were not warranted based on the facts of

---

[4]  It is true that the Magistrate's analysis does reference PHI's failure to challenge the sufficiency of Sikorsky's discovery responses regarding information related to crash test simulation reports.  As the Court reads it, however, this reference is merely intended to underscore the lack of a causal relationship between Sikorsky's misconduct and PHI's decision to settle for a particular amount, rather than suggesting that sanctions were unavailable because PHI never filed a motion to compel.

this case. Based on the record before it, as well as the Magistrate's intimate familiarity with the facts of this case, the Court finds no error in the decision not to award PHI monetary sanctions.

## CONCLUSION

Because neither Sikorsky nor PHI have shown Judge Roby's ruling to be "clearly erroneous or contrary to law,"

**IT IS ORDERED** that Sikorsky's Motion for Appeal/Review of the Magistrate Judge's Decision on PHI's Request for Sanctions **(Rec. Doc. 708)** is hereby **DENIED**, and PHI's Objections to the Magistrate Judge's Decision **(Rec. Doc. 709)** are hereby **OVERRULED.**

New Orleans, Louisiana this 10th day of July, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE